UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HORIZON LINES, LLC.,

            Plaintiff,

v.

EXPERT FORWARDERS, INC. a
Washington corporation; and CLYDE
ZIELINSKI, an individual,

            Defendants.

CASE NO. C08-5756JRC

ORDER GRANTING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

This case has been assigned to the undersigned magistrate judge for the conduct of all proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) on the consent of the parties.

The matter is before the court on Plaintiff's motion for summary judgment (Doc. 27). Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether to grant summary judgment, the court must view the record in the light most favorable to the nonmoving party and must indulge all inferences favorable to that party. Fed. R. Civ. P. 56(c) and (e). When a motion for summary judgment is made and supported as provided in Fed. R. Civ. P. 56, an adverse party may not rest

upon the mere allegations or denials in the pleadings, but the response must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

After reviewing the motion, defendants' opposition (Doc. 32), and the balance of the record, the court GRANTS SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF.

The court finds and orders as follows:

**Background.**  Between February and July of 2008, Plaintiff Horizon Lines, LLC, an ocean carrier, and Defendant Expert Forwarders, Inc., a freight forwarder, entered into eight separate contracts to have domestic goods for military personnel moved to or from Honolulu, Hawaii. Specifically, each of the eight shipments contained military personnel's household goods, and Plaintiff transported the goods. Defendant was the "clearing house which is registered with the United States to handle shipments of personal property of US soldiers and sailors from one point in the world to another." Defendants' Memorandum in Opposition to Summary Judgment (Doc. 32) at 1. In general, the goods are packed by a land carrier, taken to Plaintiff for ocean shipment, and then discharged to another land-based carrier, or consignee, for final delivery to the soldier or sailor.

Plaintiff billed Defendant Expert Forwarders, Inc. a total of $23,678.95 for all eight shipments. Defendant Expert Forwarders, Inc. has made only one payment, on the earliest freight bill, in the amount of $768.47. Accordingly, as of August 18, 2008, a balance of $22,910.48 remained owing on the shipments.

**Procedural History.**  The underlying Complaint was filed on December 18, 2008. The Complaint seeks to recover $22,910.48 in unpaid freight, plus interest, attorney fees and costs, as provided by contract, tariff, statute, and/or rule. The Complaint seeks recovery from both Expert

Forwarders, Inc. and its president, Clyde A. Zielinski. The claim against Mr. Zielinski is based on contract and statute.

Defendants filed a notice of appearance on January 28, 2009. Defendants did not file a timely Answer to the Complaint, and on March 12, 2009, the court issued a default order against Defendants. The following day, Defendants filed a very short Answer to the Complaint. The Answer (Doc. 13) states, in total, the following:

> COMES NOW, the Defendants EXPERT FORWARDERS, INC. and CLYDE A ZIELINSKI, and for their answer to Plaintiff's Complaint, deny each and every allegation contained therein.
>
> WHEREFORE, these answering Defendants pray for entry of an order dismissing Plaintiff's Complaint and awarding these answering Defendants their costs and reasonable attorney's fees and other relief deemed just and equitable.

After Defendants filed the above Answer, Defendants moved to vacate the entry of default (Doc. 14). After considering Plaintiff's response to the motion, the court granted the motion to vacate the default (Doc. 21).

The parties filed a joint status report, indicating that they each consented to the matter being heard by a magistrate judge, and the matter was subsequently reassigned to the undersigned.

On May 27, 2009, the court issued a pretrial scheduling order (Doc. 26). All discovery was to be completed by no later than August 31, 2009, and the deadline for filing dispositive motions was set for September 17, 2009.

On April 24, 2009, Plaintiff served Defendants with a Request for Admission. Fed. R. Civ. P. 36(a) states that a matter is deemed admitted "unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the

party's attorney." Once admitted, the matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" pursuant to Rule 36(b). Fed. R. Civ. P. 36(b).

At the same time as filing requests for admission, Plaintiff also filed interrogatories and requests for production. Answers to interrogatories, responses to request for production, and any objections to the same, must be served within 30 days after being served. Fed. R. Civ. P. 33(b)(2) & 34(b)(2). Apparently, although Defendants were served with these discovery requests on April 24, 2009, Defendants have not answered or responded to these discovery requests.

**Failure to Respond to Discovery.** Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior motion to compel or court order requiring responses to a discovery request. Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981), *citing* Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32, 35 (3rd Cir. 1979) (dismissal without prior order under Rule 37(d) where party failed to attend deposition); Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 993 (8th Cir. 1975) (dismissal without prior order under Rule 37(d) where party failed to respond to interrogatories).

Also, unanswered requests for admissions may be relied on as the basis for granting summary judgment. Conlon v. U.S., 474 F.3d 616, 621 (9th Cir. 2007), *citing* O'Campo v. Hardisty, 262 F.2d 621, 624 (9th Cir.1958).

The briefing in support of and in opposition to the current motion for summary judgment does not indicate that there is any other outstanding discovery at this time. Moreover, although the underlying motion for summary judgment is based, in part, on Defendants' failure to respond

to the requests for admissions and other discovery requests, Defendants provide no explanation or attempt to respond to the discovery in opposition to the dispositive motion.

Defendants' failure to respond to the requests for admission is significant. For instance, the requests ask Defendants to admit that the monies owed on each of the eight freight bills and request Defendants to acknowledge the application of Plaintiff's Tariff #961 and the terms of the Bill of Lading. In addition, Plaintiff asked Defendants to admit that "principals" of liable parties are joint and severally liable for payment of the freight and that Clyde Zielinski is therefore liable as both a President and a principal of Expert Forwarders.

**<u>Untimely Response to Motion for Summary Judgment.</u>** Plaintiff's motion for summary judgment was filed with the court on July 9, 2009, properly noting the motion, pursuant to Local Rule 7(d)(3), for consideration on the court's July 31, 2009 motion calendar. Accordingly, any opposition papers to the motion were to be filed and served no later than Monday, July 27, 2009. Local Rule 7(b) states:

> (2) *Obligation of Opponent*. Each party opposing the motion shall, **within the time prescribed in CR 7(d)**, file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). If a party fails to file papers in opposition to a motion, such **failure may be considered by the court as an admission that the motion has merit**.

(bold emphasis added).

Defendants did not file any opposition to the motion for summary judgment until July 30, 2009 (Doc. 32), which was three (3) days late. The opposition brief was therefore untimely. The opposition is also significantly deficient. For instance, without citing any case or authority, Defendants respond to Plaintiff's claim that Mr. Zielinski is jointly and severally liable for the unpaid freight by merely stating, in total, the following:

> Expert Forwarders Inc. is a Washington Corporation. It was properly registered with the State at all relevant times. As such, its principals, officers, and employees enjoy liability limited to the extent of their investment in the corporation. Clyde Zielinski, the President of Expert Forwarders, Inc. has been named as a party defendant based purely on the language cited by Plaintiff in what they call a "bill of lading" but which is actually a simple invoice sent after the shipment was complete. The small print on the back states that the "Principals of the liable parties shall be jointly and severally liable. . ." for the Plaintiff's charges.
>
> The casual insertion of language in an invoice after the shipment is complete is contrary to over 200 years of American jurisprudence which recognizes the limited liability of the owners and officers of a corporation properly created under state law. Clyde Zielinski did not sign anything or otherwise submit himself to personal liability for these charges.

Defendants' Memorandum in Opposition to Summary Judgment at 2-3. As discussed more fully below, the "simple invoice" and Defendants' responsibilities detailed in both the Freight Bill and applicable Bill of Lading cannot be dismissed so casually. Given Defendants' complete failure to answer requests for admission and discovery requests, Defendants' untimely filing of the opposition brief, and the lack of substantive legal or factual opposition to the basic allegations of Plaintiff's complaint, the court on that basis alone, may grant summary judgment.[1]

**Evidence in Support of Motion for Summary Judgment.** In addition to these procedural matters, however, Plaintiff also supports its motion for summary judgment with substantial evidence for each of the factual assertions in the complaint. Plaintiff has submitted verified copies of bills of lading and freight bills. *See* Doc. 29 & 34.

A bill of lading records that a carrier has received goods from the party that wishes to ship them, states the terms of carriage, and serves as evidence of the contract for carriage. *See* 2 T. Schoenbaum, Admiralty and Maritime Law 58-60 (3d Ed. 2001); Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1303. The bill of lading is the basic transportation contract between

---

[1] Defendants note that Plaintiff's reply is also untimely. The court notes that it was filed promptly after Defendants' tardy response and therefore, under the circumstances, this late filing is excused.

ORDER - 6

the shipper-consignor and the carrier; its terms and conditions bind the shipper and all connecting carriers." S. Pac. Transp. Co. v. Commercial Metals Co., 456 U.S. 336, 342 (1982) (addressing default liability terms for rail bills of lading); *see also* C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 478-79 (9th Cir.2000) (applying S. Pac. Transp. to motor freight bills of lading). A bill of lading also can serve as a receipt for goods and as evidence of title. C.A.R. Transp., 213 F.3d at 479 n. 5.

**Expert Forwarders, Inc.** In each of the freight bills, Defendant Expert Forwarders, Inc. is listed as the "Bill To Account." The charges ($23,678.95) imposed by Plaintiff are based on rates contained in a tariff, which was published and filed with the Surface Transportation Board ("STB").

In their brief filed in opposition to the motion for summary judgment, Defendants never dispute the amounts being charged by Plaintiff for the shipment of goods provided. A review of the opposition brief reveals that Defendants are now, for the first time, asserting affirmative defenses. For example, Defendants argue that they will not pay Plaintiff because the U.S. Military made a damage claim on several shipments and the military has not paid Defendants. Defendants state that they are "attempting to sort out the respective rights and liabilities of each carrier". Again, the court notes that Defendants' Answer, quoted in its entirety above, does not raise any affirmative defenses. Federal Rule of Civil Procedure 8(a) and (c) provide that a Defendant's failure to raise an "affirmative defense" in its answer is a waiver of that defense. *See* Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir.2005); 5 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1278 (2d ed.1990).

Additionally, Defendants' failure to answer Plaintiffs discovery requests, which specifically ask Defendants to disclose any affirmative defenses, demonstrates that Defendants eleventh-hour claim of offset should not be given much weight.

Finally, Plaintiff's unanswered requests for admission asked Defendants to admit that Defendants were liable for the unpaid freight. Defendants have never attempted to quantify or support any claim of offset. Therefore, the court finds that Defendant's non-specific and late responses are insufficient to rebut Plaintiff's motion.

Plaintiff's motion for summary judgment against Defendant, Expert Forwarders, Inc., is GRANTED.

**Clyde A. Zielinski.** With regard to Plaintiff's claims against Defendant Clyde Zielinski, as a principal of Expert Forwarders, Inc., the court will also GRANT Plaintiff's motion for summary judgment.

Defendants do not dispute Plaintiff's allegation that Defendant Clyde A. Zielinski is a principal of Expert Forwarders, Inc. In addition, Mr. Zielinski identified himself as "President" of the company in his own affidavit. Affidavit of Clyde Zielinski (Doc. 31) at 1.

The applicable tariff states:

> 3. **The shipper, consignee, holder of the bill of lading, bill to party, owner of the goods and principals of said liable parties shall be jointly and severally liable to Carrier for the payment of all freight, demurrage, General Average and other charges.** Said parties are also jointly and severally liable for expenses incurred by Carrier in collecting sums due Carrier, including but not limited to collection of agency fees, reasonable attorney's fees and costs, including all fees and costs of mediation, arbitration, trial appeals, and bankruptcy proceedings. Carrier may choose which of said parties to collect the sums owed from and by pursuing collection of the sums owed from one of the parties is not waiving its right to pursue collection of the sums owed from one of the other liable parties. Payment of ocean freight and related charges to a freight forwarder, broker or anyone other than Carrier or its authorized agent, shall not be deemed payment to Carrier and shall be made at payer's sole risk.

Exhibit 13 attached to Affidavit of Olaf Aprans (Doc. 28) at 28 (Bold emphasis added). Plaintiff provides legal authority for the proposition that the tariff's terms are binding and enforceable and a corporate officer, as a "principal" of a defaulting shipper, may be jointly and severally liable to pay freight. Maersk, Inc. v. Royal Brands Intern., Interforce Trading Inc., No. 98 Civ. 8396 LAP, 2001 WL 456343 (S.D.N.Y. 2001), *citing* Maersk Inc. v.. Alan Marketing, Inc., No. 97 Civ. 3495 HB, 1998 WL 167323 (S.D.N.Y.1998) and Maersk Inc. v. American Midwest, No. 97 Civ. 0475 NRB, 1998 WL 473945 (S.D.N.Y.1998)[2].

Significantly, in the *Royal Brands* cases, the U.S. District Court noted that defendants admitted in their answer to the complaint that the transportation of the cargo was conducted pursuant to both the Maersk tariff and the Maersk bills of lading. Because the bills of lading specifically provided that the principals "shall be jointly and severally liable for the payment of freight," the court granted summary judgment in favor of plaintiff and held two corporate officers jointly and severally liable for the unpaid freight. Id.

Here, the terms of the legible and applicable bills of lading (Doc. 34), do not include any specific language providing that principals or officers of the freight forwarding company are jointly and severally liable, as was the above case in New York. However, the applicable bills of lading state the following:

> 19. **FINAL AGREEMENT**, All prior agreement, docks receipt or freight engagements for the shipment of goods and all other arrangements are superseded by this bill of lading and Freight Tariff Rules and Regulations on file with the Surface Transportation Board, which are incorporated herein by reference and form part of this bill of lading as if set forth herein at length. Copies of the Freight Tariff Rules and Regulations are available upon request.

---

[2] The undersigned accepts plaintiff's citation of the unpublished U.S. District Court in New York opinions in this matter as persuasive authority, and such citation is not in violation of 9th Circuit Rules, but also notes that unpublished dispositions and orders of the 9th Circuit Court of Appeals issued before January 1, 2007 may not be cited to the courts of this circuit, except under certain circumstances. 9th Cir. R. 36-3(d).

The applicable tariff, quoted above, makes principals of Expert Forwarders, Inc. joint and severally liable for the freight costs and related collections costs.

In addition, just as the New York U.S. District Court relied on the admission that the tariff and the bills of lading controlled the terms of the carriage, so can this court rely on the unanswered discovery requests to further support a finding that the terms of the tariff and bills of lading control the outcome of this matter. Plaintiff specifically asked Defendants to admit that the terms of the tariff and the bills of lading were applicable to the shipments in this matter. Plaintiffs also asked Defendants to admit that Mr. Zielinski was, at all times relevant, the president and principal of Expert Forwarders, Inc., and as such, is jointly and severally liable for the unpaid freight owed to Plaintiff. Defendants' failure to answer the requests for admission is construed as an admission of liability.

Plaintiff's motion for summary judgment against Defendant Clyde Zielinski is GRANTED.

**Interest.** In admiralty law, the district court has discretion to award prejudgment interest to accomplish the just restitution of injured parties. Alkmeon Naviera, S.A. v. M/V Marina L., 633 F.2d 789, 797 (9th Cir.1980). The court also has broad discretion to determine when prejudgment interest commences and what rate of interest to apply. Independent Bulk Transport, Inc. v. The Vessel Morania Abaco, 676 F.2d 23, 25 (2d Cir.1982).

28 U.S.C. §1961 sets the post-judgment rate of interest for civil money judgments in federal court at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System. 28 U.S.C. §1961(a). This rate also may be applied to prejudgment interest unless the trial judge finds, on substantial

evidence, that a different rate is appropriate.  Blanton v. Anzalone, 760 F.2d 989, 993 (9th Cir.1985).  Id. at 993.

Here, Plaintiff is entitled to prejudgment interest on the unpaid freight since August 18, 2008.  The weekly average 1-year constant maturity Treasury yield for the week prior to August 18, 2008 was 2.18%.  For ease of calculation and simplicity, prejudgment interest of 2% will be imposed by the court.  As of this date, it has been precisely one year since August 18, 2008, and interest has accrued to equal $458.21.

**Attorney fees and costs**.  Plaintiff also moves for attorneys fees and costs in the amount of $12,718.07.  Plaintiff has presented an itemized statement (Doc. 35), including the costs and hours spent by attorneys and paralegals, reflecting the costs and fees expended to collect the unpaid freight.  Defendants have failed to present any factual support for their opposition to this request.  It also appears to the court that the costs and fees are reasonable and appropriate.  Therefore, Plaintiff's motion for attorney fees and costs is GRANTED.

**Judgment.**  As discussed above, Defendants are jointly and severally liable for the unpaid freight ($22,910.48), pre-judgment interest ($458.21), and attorney fees ($12,718.07).  Accordingly, the clerk should enter judgment, pursuant to Fed. R. Civ. P. Rule 58(a) in favor of Plaintiff, and against Defendants, in the total amount of $36,086.76.

The clerk is further directed to terminate any pending dates on the court's calendar related to this matter, as it has been fully resolved by way of this order.

Dated this 18th day of August, 2009.

_____
J. Richard Creatura
United States Magistrate Judge